EXCHANGE NATIONAL BANK OF JEFFERSON CITY, Appellant,

v.

Ruth WOLKEN, Respondent.

No. 73908.

Supreme Court of Missouri,
En Banc.

Nov. 19, 1991.

John Kuebler, Jefferson City, for appellant.

C. Christy Barton, Jefferson City, for respondent.

ROBERTSON, Chief Justice.

This is a replevin action. The issue upon which we founded transfer is whether a plaintiff in a Chapter 517 case waives an affirmative avoidance by failing to plead in response to an affirmative defense. The trial court sustained the defendant's motion for summary judgment without stating its reasons; a divided panel of the Court of Appeals, Western District, affirmed. We granted transfer pursuant to our constitutional authority, Missouri Constitution, article V, section 10, and now reverse and remand for trial.

I.

The facts are stipulated. A.J. Rackers, Inc. (Rackers) sold, installed and repaired heating and air conditioning equipment in and around Jefferson City, Missouri. Appellant Exchange National Bank (the Bank) served as Rackers' commercial lender for seventeen years prior to the filing of this action.

On January 24, 1989, Rackers' president and general manager executed a security agreement with the Bank, pledging certain property of the corporation. A certified

copy of a resolution of Rackers' board of directors authorizing the president and general manager to secure a loan from the Bank accompanied the security agreement, as did a list of the officers and directors of the corporation. The Bank did not advance additional funds to Rackers in return for the security agreement; instead, Rackers consolidated some fifteen earlier notes held by the Bank. The security agreement purported to grant the Bank a security interest in Rackers' equipment in addition to pledges of inventory, accounts receivable, proceeds and other assets already held by the Bank. The new, consolidated note was dated February 16, 1989.

The corporation last filed an "annual registration report," as required by Section 351.120, RSMo 1986, in 1987. The annual registration report due July 1, 1988, was not filed and as a consequence the secretary of state forfeited the corporate charter on December 15, 1988, pursuant to Section 351.525(1), RSMo 1986. Respondent Ruth Wolken owned shares of Rackers and served as a member of the board of directors and as corporate treasurer. Neither Wolken, the other officers and directors of the corporation, nor the Bank had actual knowledge of the forfeiture. Wolken had actual knowledge of the January 24, 1989 security agreement. Apparently, Rackers had also incurred a debt to Wolken. After the execution of the promissory note and security agreement and despite her knowledge of the security agreement and the property pledged to the Bank by the corporation in that agreement, Wolken accepted a conveyance of items of pledged property in satisfaction of Rackers' obligation to her.

Rackers subsequently defaulted on the Bank's note. The Bank demanded that Wolken surrender the equipment in her possession in which the Bank claimed a security interest. Wolken refused. The Bank brought this replevin action in the Associate Division of the Circuit Court of Cole County. Wolken answered the Bank's petition, claiming as an affirmative defense that the security agreement and new note were "wholly invalid, null and void" because neither the corporation nor its two officers possessed authority to execute either the security agreement or the new note following the forfeiture of the corporate charter. The Bank did not file any response by way of pleading to Wolken's answer. Upon Wolken's motion for change of venue, the parties stipulated to venue in Callaway County.

The Bank and Wolken each filed motions for summary judgment. Wolken's motion argued again that the security agreement was "null, void and of no legal effect." The Bank filed "Plaintiff's Response to Defendant's Suggestions [in Support of Defendant's Motion for Summary Judgment]" claiming that Wolken was estopped from asserting the corporate forfeiture as an incapacity defense by virtue of her participation in the purported corporate transactions upon which the Bank relied. In a subsequent filing Wolken disputed the application of estoppel, but raised no issue concerning the Bank's failure to plead its affirmative avoidance. Upon consideration of the pleadings and arguments, but without explanation, the trial court sustained Wolken's motion for summary judgment. The Bank appealed.

## II.

### A.

The Bank's first two points on appeal suggest that the trial court erred in sustaining the defendant's motion for summary judgment in that: (1) Rackers' security agreement secured a debt that existed prior to the forfeiture of the corporation; and (2) a corporation that forfeited its charter may grant a valid security interest through delegatees of the statutory trustees as part of the process of winding up the business affairs of the corporation pursuant to Section 351.525, RSMo 1986.

■ The security agreement purports to be an act of the corporation pledging property as security for a debt that had, prior to the execution of the security agreement, not been pledged. It makes little difference that the security agreement was delivered as security for a debt that predated

the forfeiture of the corporate charter. The security agreement purports to be a new corporate act. It is valid only if the persons executing the document on behalf of the corporation have the power to do so under the laws of Missouri. A defunct corporation has no power to convey an interest in property. *Land Clearance for Redevelopment Authority v. Zitko*, 386 S.W.2d 69, 81 (Mo. banc 1964).

Section 351.525 provides that "the directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, who shall have full authority to wind up its business and affairs." It is clear on this record that the security agreement was not executed by the statutory trustees of Rackers *qua* statutory trustees. By stipulation the parties agreed that the security agreement was executed only by the president and general manager of Rackers; the stipulation assumes a corporation in good standing. Nor does the accompanying board of directors resolution, provided the Bank by Rackers, show that it was acquiesced in by the statutory trustees of Rackers. Thus, there is no basis on this stipulated record upon which to conclude that the security agreement was executed by the statutory trustees of Rackers as required by Section 351.525.

■ A trier of fact could find that the execution of the security agreement was a proper action of the statutory trustees in providing for the debts of the corporation and winding up its affairs. The trier of fact could also find that Wolken and the other statutory trustees acquiesced in the actions of the officers of the corporation in executing the new note and providing further security, and in acquiescing, partici-

pated in these acts.[1] On the record before us, we cannot say. A remand is necessary.

### B.

For its final point, the Bank urges that the trial court erred in sustaining defendant's motion for summary judgment because Wolken is estopped to deny liability for the security agreement dated January 24, 1989. Estoppel is appropriate, the Bank asserts, because Wolken occupied positions of responsibility as a shareholder, director, and officer of Rackers at the time of the execution of the security agreement upon which the Bank relied in negotiating and agreeing to accept Rackers' new, consolidated promissory note.

In response, Wolken raises for the first time the Bank's failure to plead estoppel as an affirmative avoidance following Wolken's assertion of the affirmative defense of corporate incapacity. Wolken's theory is that in failing to traverse the affirmative defense, the Bank waived the avoidance. Rules 55.01, 55.08 and 55.09. Wolken is entitled to argue any theory of law on appeal that will support her judgment at the trial court.

The Bank replies that under Section 517.021, RSMo Cum.Supp.1990, it need not plead an affirmative avoidance.

■ Estoppel is an affirmative defense. Rule 55.08. It becomes an affirmative avoidance when it responds to an affirmative defense, here Wolken's claim of corporate incapacity. Rule 55.01 provides: "A defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded." Rule 55.09 states: "Averments in a pleading to which a responsive pleading is required ... are

1. In his dissent for the court of appeals, Judge Lowenstein argues that the failure of the statutory trustees to revive the corporation after forfeiture could lead a trier of fact to infer that: "1) property was used by the corporation to obtain favorable treatment by a lender; 2) that property was later transferred to an officer-director who had become a statutory trustee; 3) the trustee is allowed to keep the property to satisfy some debt owed to her or to avoid the bank's claim." We do not speculate as to what the trier of fact might find, adding Judge Low-

enstein's speculation here only to show the uncertainty of the factual record.

If the trier of fact determines that the security agreement and new promissory note are valid acts of the statutory trustees, it need not reach the estoppel argument. This is because the estoppel argument attempts to traverse Wolken's argument that she bears no responsibility for returning corporate property in her possession because the Bank's claim to a superior interest in that property proceeds from an invalid security agreement.

admitted when not denied in the responsive pleadings. When a reply is filed, ... all affirmative defenses of the answer which are not denied in the reply are deemed admitted." Wolken argues that the Bank's failure to reply to her affirmative defense constitutes an admission of the defense and that the trial court properly granted her summary judgment on the basis of this admission.

Chapter 517, RSMo, applies to "the practice and procedure in civil cases originally filed before associate circuit judges." Section 517.011, RSMo Cum.Supp.1990. Section 517.021, RSMo Cum.Supp.1990, provides: "The rules of civil procedure shall apply to cases or classes of cases to which this chapter is applicable, *except where otherwise provided by law.*" [Emphasis added.] Section 517.031.2, RSMo Cum.Supp. 1990, states:

> Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of summons.... *No other responsive pleading need be filed.* If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross claims shall be considered denied ... [with exceptions not pertinent here].

[Emphasis added.] The Bank claims that Section 517.031.2 is the "except where otherwise provided by law" to which Section 517.021 refers and argues that the Rules of Civil Procedure, particularly the requirement that an affirmative avoidance be pleaded or waived, is not applicable.

This is not a case in which we must determine whether this Court's rules trump the mandates of the legislature where there is a conflict between the two. Rule 41.01(f) provides that "[c]ivil actions pending in the associate circuit court division shall be governed by Rule 41 through 101 *except where otherwise provided by law.*" [Emphasis added.]

Rule 41.01(f) expresses a judicial deference to legislative enactments establishing specialized procedures for actions before associate circuit divisions. It is also consistent conceptually with the statutory directive that proceedings in associate circuit courts are intended to be less formal than circuit court proceedings. "The pleadings of the petition [in the associate circuit court] shall be informal unless the court in its discretion requires formal pleadings." Section 517.031.1, RSMo Cum.Supp.1990.

We hold, therefore, that under the provisions of Rule 41.01(f) and Sections 517.021 and 517.031, the Bank did not waive its affirmative avoidance by failing to plead it in response to Wolken's affirmative defense.

### C.

The question raised by the Bank's claim that Wolken is estopped from asserting corporate incapacity remains. This case comes on appeal following a summary judgment; summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

A claim of estoppel raises new issues of fact, which do not appear to us to be covered by the parties' stipulation. In order to prevail on its estoppel theory, the Bank must show "[e]very fact essential to create it ... by clear and satisfactory evidence." *Peerless Supply Co. v. Industrial Plumbing & Heating Co.,* 460 S.W.2d 651, 666 (Mo.1970). Genuine issues of fact remain for resolution by the trial court. The trial court erred in sustaining Wolken's motion for summary judgment.

### III.

The judgment of the trial court is reversed and the cause is remanded.

RENDLEN, COVINGTON, HOLSTEIN, BLACKMAR and BENTON, JJ., and PREWITT, Special Judge, concur.

THOMAS, J., not participating because not a member of the Court when case was submitted.