**BECKER GLOVE INTERNATIONAL, INC., Respondent,**

v.

**JACK DUBINSKY & SONS, et al., Appellants.**

No. SC 83294.

Supreme Court of Missouri. En Banc.

April 24, 2001.

Sanford J. Boxerman, Luke J. Mangan, Clayton, for appellants.

Daniel V. Conlisk, Gerald P. Greiman, Craig A. Wilson, Amany Ragab Hacking, St. Louis, for respondent.

WOLFF, Judge.

The sole question presented by this case is whether the compulsory counterclaim rule found in Rule 55.32(a)[1] applies to an action filed in an associate circuit division under chapter 517.[2]

We hold that the compulsory counterclaim rule does not apply to such actions. For this reason, the trial court's judgment is affirmed.

## Background

Becker Glove International, Inc., entered into a commercial lease in September 1995 with Jack Dubinsky and Sons[3] to occupy a warehouse in the city of St. Louis. The warehouse is the center of operations of Becker's business, which is the importing and distributing of winter clothes and accessories.

The lease requires that Dubinsky provide a heating system capable of maintaining the temperature inside the building at 65 degrees when the outside temperature is zero degrees Fahrenheit. When the building's heating system failed to perform as specified, Becker withheld rent.

Dubinsky responded to the rent withholding by filing suit in an associate circuit

---

1. Rule 55.32(a) states:

    (a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if: (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon the claim by attachment or other

    process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 55.32.

2. All references are to RSMo 2000, unless otherwise indicated.

3. The other parties that have interests as lessors of the property, and are parties here, are: Rosalie Ginsburg, Trustee, William M. Haas, Trustee of Cynthia M. Guren Qualified Income Trust, Harold Dubinksy, Melvin Dubinsky, and Ira H. Dubinsky, Trustee of the Ira H. Dubinsky Trust.

division of the St. Louis City Circuit Court in November 1996. This first action sought rent and attorneys' fees. Becker did not counterclaim, and no responsive pleading was filed. While the first action was pending, Becker paid the rent. The first action ended in January 1997 with judgment entered for Dubinsky in the amount of $322 in attorneys' fees.

As a matter of self-help, beginning in November 1996, Becker invoked portions of the lease that purported to authorize Becker to remedy Dubinsky's failure to carry out the covenants of the lease.

After Becker finished making improvements to the heating system, Becker demanded payment from Dubinsky. When payment was refused, Becker filed an action for damages for breach of the lease.

Among Dubinsky's defenses in the second action is that the claim for damages should have been asserted as a compulsory counterclaim in the first action. The trial court ruled that the compulsory counterclaim rule, Rule 55.32(a), was applicable to the first action in the associate circuit division, but declined to apply the rule.[4] The trial court, after a bench trial, entered

judgment in favor of Becker and against Dubinsky in the amount of $30,577.68.

On appeal, the Court of Appeals, Eastern District, transferred the case to this Court. We have jurisdiction. Mo. CONST. art. V, sec. 10.

## The Statute on Proceedings in an Associate Circuit Division

Chapter 517 sets out provisions relating to the practice and procedure in civil cases originally filed in an associate circuit division.[5] Section 517.021 says that the rules of civil procedure "shall apply to cases or classes of cases to which this chapter is applicable, *except where otherwise provided by law.*" (Emphasis added.) Rule 41.01(d) likewise provides in pertinent part: "Civil actions pending in the associate circuit division shall be governed by Rules 41 through 101 *except where otherwise provided by law.*" (Emphasis added.)

"Except where otherwise provided by law" includes section 517.031, one of the statutes in which there are procedural requirements different from those in the rules of civil procedure.[6] *Exchange National Bank v. Wolken,* 819 S.W.2d 45 (Mo.

---

**4.** The trial court stated that the compulsory counterclaim rule would not be applied because the first action would have required the presence of parties not before the court and because the action against Dubinsky had not matured at the time of the first action. Because this Court holds that the compulsory counterclaim rule was inapplicable in the first action in the associate circuit division, it is unnecessary to consider the trial court's rationale for declining to apply the rule.

**5.** The statute refers to "civil cases originally filed before associate circuit judges," while our Rule 41.01(d) refers to "Civil actions pending in the associate circuit division...." We use the terminology of our rule to acknowledge that under our unified court system, chapter 517 actions are filed with a clerk and may be heard by any judge properly assigned to the division.

**6.** Section 517.031 provides in part:

1. The plaintiff shall file a written petition containing the facts upon which the claim is founded. A copy of any written instrument or account in support of the petition should be attached and filed. The pleadings of the petition shall be informal unless the court in its discretion requires formal pleadings.

2. Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross claims shall be considered denied except as provided in section 517.132....

banc 1991). Section 517.031.1 requires the plaintiff to file a written petition. Section 517.031.2 does not require an answer. The allegations are deemed to be denied, without the need for a responsive pleading, and the issues for trial are framed by the petition, unless there is an affirmative defense, counterclaim or cross-claim. Section 517.031.2 thus requires that "affirmative defenses, counterclaims and cross claims shall be filed in writing. . . ."

What these three pleading devices have in common is that they introduce new matter into the lawsuit: the plaintiff would not know of the existence of an affirmative defense, a counterclaim, or a cross-claim by one defendant against a co-defendant, unless the matter is set forth in writing. Otherwise, the provisions of section 517.031 relating to pleadings are consistent with the chapter's obvious purpose to simplify matters initially filed in an associate circuit division: "The pleadings of the petition shall be informal unless the court in its discretion requires formal pleadings." Section 517.031.1.

The informal, simplified nature of chapter 517 was recognized in *Exchange National Bank v. Wolken, supra,* 819 S.W.2d 45, where this Court rejected the assertion that the failure to file an avoidance to an affirmative defense constituted an admission of the defense. Relying upon section 517.031.2, which is directly applicable here, the Court in *Wolken* held that the party did not waive its avoidance to the affirmative defense by failing to plead it because the statute specifically does not require a responsive pleading. Following *Wolken,*

there is no question that section 517.031 is a law whose provisions displace the otherwise required adherence to the rules of civil procedure.

A counterclaim, if asserted in a chapter 517 proceeding, must be in writing. However, there is no provision stating that a counterclaim that would otherwise be considered compulsory under Rule 55.32(a) would be required to be asserted.

It is inconsistent with the simplified nature of chapter 517 proceedings to apply the use-it-or-lose-it technicality of the compulsory counterclaim rule. *Rahman v. Matador Villa Assoc.,* 821 S.W.2d 102 (Mo. banc 1991), is directly on point. *Rahman* was a rent and possession suit in an associate circuit division, under chapter 535. This Court declined to apply the compulsory counterclaim provision of Rule 55.32(a), noting that chapter 517 permits, but does not require, counterclaims.

Becker argues that the first action, brought by Dubinsky against Becker, was a rent and possession action under chapter 535, to which *Rahman* would be exactly applicable. However, the first action appears only to be an action for rent, not possession, and thus would fall under the provisions of section 517.011.1(1). This section allows civil actions for recovery of money, where the amount does not exceed $25,000, to be brought originally in an associate circuit division.[7]

### Conclusion

The pleading of a counterclaim, in an action in an associate circuit division, is governed by section 517.031.2, and such

---

7. *Rahman* discerned no difference, as to a counterclaim, in section 517.031.2, which had been amended in 1988. The previous version of the statute said: "To provide notice to the plaintiff the defendant shall file a written counterclaim whether or not it arises from the same transaction or occurrence as the plaintiff's original claim. . . ." Neither the previous version, nor the current statute specifies that a compulsory counterclaim rule applies. The statute's only requirement is that a counterclaim, if brought, must be in writing. On this point, there is no substantive difference between the earlier language and the current provision.

pleading is not subject to Rule 55.32(a). Accordingly, Becker's claim for damages for breach of the lease, which he asserts in the second action and is the subject of this appeal, was not required to have been brought as a counterclaim in the first action.[8]

Dubinsky does not challenge the circuit court's judgment on any ground other than the assertion that the compulsory counterclaim rule applies. Because the rule does not apply, the judgment of the circuit court is affirmed.

All concur.

8. Becker moved to increase the bond because of a claim for attorneys' fees under the contract. This Court overruled the motion, without prejudice, to further proceedings in the trial court.