**Thomas H. SMITH, Appellant,**

v.

**Carla Y. THOMAS and Melvin Hooker, Respondents.**

No. WD 65881.

Missouri Court of Appeals, Western District.

Oct. 3, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 2006.

Application for Transfer Denied Jan. 30, 2007.

Kurt S. Brack, Overland Park, KS, for appellant.

Carla Y. Thomas, Grandview, MO, pro se.

Melvin Hooker, Grandview, MO, pro se.

Before JOSEPH M. ELLIS, Presiding Judge, ROBERT G. ULRICH, Judge and RONALD R. HOLLIGER, Judge.

JOSEPH M. ELLIS, Judge.

Thomas H. Smith appeals from a judgment entered in the Associate Circuit Division of the Circuit Court of Jackson County in favor of Respondents Carla Thomas and Melvin Hooker in an action filed by Appellant to recover rent allegedly due under a lease entered into by the parties. For the following reasons, the judgment of the trial court is affirmed.

On June 29, 2000, Respondents executed a residential lease agreement with Clark S. Rhoden Farms to lease a farmhouse located at 2321 East 147th Street in Kansas City, Missouri. Under the terms of the lease, Respondents were to pay $1,500 per month in rent for the property. On October 31, 2002, Appellant acquired the property and was assigned Clark S. Rhoden Farms' rights under the lease agreement.

In April 2004, Appellant served notice upon Respondents to vacate the property. On July 8, 2004, Appellant filed a Petition in Unlawful Detainer in the Associate Circuit Division of the Circuit Court of Jackson County. Respondents did not file any responsive pleading to that petition. On December 28, 2004, Appellant filed his First Amended Petition, abandoning his unlawful detainer claims and, instead, simply seeking past due rent, damages, attorney fees, and costs. Respondents did not file a responsive pleading to that petition.

The case was tried to the court on August 15, 2005. After taking the case under advisement, on August 17, 2005, the trial court entered its judgment in favor of Respondents. Appellant brings two points on appeal.

■ This Court's review of the trial court's judgment in a court-tried action is governed by the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Williams v. Williams,* 99 S.W.3d 552, 556 (Mo.App. W.D.2003). "[T]his court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law." *TA Realty Assocs. Fund V, L.P. v. NCNB 1500, Inc.,* 144 S.W.3d 343, 346 (Mo.App. E.D.2004).

■ In his first point, Appellant claims that the trial court erred in admitting and considering evidence from Respondents that they had indeed made all of their rent payments. Appellant asserts that payment was an affirmative defense that should have been set forth in a responsive pleading and that, in failing to do so, Appellants waived that defense.

■ "Chapter 517 sets out provisions relating to the practice and procedure in civil cases originally filed in an associate circuit division." *Becker Glove Int'l, Inc. v. Jack Dubinsky & Sons,* 41 S.W.3d 885, 887 (Mo. banc 2001). While Section 517.031.1 requires the plaintiff to file a written petition, pursuant to Section 517.031.2, a defendant is not required to file an answer. "The allegations are deemed to be denied, without the need for a responsive pleading, and the issues for trial are framed by the petition...." *Id.* at 888. However, if a defendant wishes to raise any affirmative defenses, counterclaims, or cross-claims they must be filed in writing in a timely responsive pleading. *Id.* Thus, "[a]lthough Section 517.031.2 relieves a defendant of an obligation to file an answer to a petition filed in the associate division of circuit court, defendants must file a response if they want to assert an affirmative defense." *Taylor v. Richland Motors,* 159 S.W.3d 492, 498 (Mo. App. W.D.2005). Where an affirmative defense is not properly pleaded, that defense is deemed to have been waived. *Mobley v. Baker,* 72 S.W.3d 251, 257–58 (Mo.App. W.D.2002).

Payment is one of the affirmative defenses specifically referred to in Rule 55.08 as one that must be included in a responsive pleading.[1] Appellant contends that Respondents' failure to file a written pleading asserting that defense precluded Respondents from presenting any evidence that they had made the rent payments Appellant claimed not to have received.

■ The crucial problem with Appellant's argument is that, rather than seeking to establish an affirmative defense, Respondents sought to introduce the challenged evidence in order to negate an ele-

---

1. The purpose of Rule 55.08 "is to give the opposing party notice of the issue so that the party may then prepare to meet it." *Rice v.* *James,* 844 S.W.2d 64, 66 (Mo.App. E.D. 1992).

ment of Appellant's cause of action and to impeach the credibility of Appellant's witness. "An affirmative defense seeks to defeat or avoid the plaintiff's cause of action, and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Id.* at 257; *see also Rice v. James,* 844 S.W.2d 64, 66 (Mo.App. E.D.1992) (quoting *Parker v. Pine,* 617 S.W.2d 536, 542 (Mo.App. W.D.1981)) (" 'An affirmative defense contemplates additional facts not included in the allegations necessary to support plaintiff's case and avers that plaintiff's theory of liability, even though sustained by the evidence, does not lead to recovery because the affirmative defense allows the defendant to avoid legal responsibility.' "). " 'Any evidence which tends to show plaintiff's cause never had legal existence is admissible on a general denial even though the facts are affirmative, if and insofar as they are adduced only to negative the plaintiff's cause of action and are not by way of confession and avoidance.' " *Rice,* 844 S.W.2d at 66 (quoting *Parker,* 617 S.W.2d at 542).

As a part of Appellant's prima facie case, he was required to "establish the existence of a valid lease, mutual obligations arising under the lease, that defendant did not perform, and that plaintiff was thereby damaged by the breach." *TA Realty Assocs. Fund V,* 144 S.W.3d at 347. In his petition, Appellant averred that Respondents had breached the lease by failing to pay rent on several unspecified occasions. By operation of law, Respondent's failure to answer Appellant's petition in the associate circuit division was deemed to be a general denial of Appellant's claims. *See Becker Glove Intern.,* 41 S.W.3d at 888; *§ 517.031.2.*

At trial, Appellant presented testimony from the property manager that Respon-

dents had not paid rent in January, February, April, and May 2004 and submitted an accounting ledger that did not reflect payments having been received from Respondents for those months. Respondents' testimony that they had indeed paid their rent for those four months served to impeach Appellant's evidence of their failure to pay rent and to thereby negate the breach element of his cause of action. Accordingly, the trial court did not err in admitting and considering that testimony in assessing whether Appellant proved his cause of action. *See Rice,* 844 S.W.2d at 67. Point denied.

■ In his second point, Appellant claims that the trial court's judgment in favor of Respondents was not supported by substantial evidence and was against the weight of the evidence. Appellant contends that the evidence presented at trial established that Respondents had not paid their rent and that they had failed to leave the property in a suitable condition and that he was, therefore, entitled to damages on his petition.

■ " 'Where, as here, the trial court makes no findings of fact, this court considers all fact issues to have been found in accordance with the result reached.' " *Williams,* 99 S.W.3d at 556 (quoting *Delgado v. Mitchell,* 55 S.W.3d 508, 512 (Mo. App. S.D.2001)). "Accordingly, we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the prevailing party and must give due regard to the trial court's credibility determinations." *Id.* (internal citation omitted).

■ As to the issue of whether Respondents failed to pay rent, as noted *supra,* conflicting evidence was offered by the parties. Appellant presented the testimony of his property manager who testified that Respondents had not paid rent for January, February, April, and May

 

2004. Appellant also presented a payment ledger indicating that no rent had been received for those months. On the other hand, both Respondents testified that they had paid rent in the amount of $1,500 each of those months and that their bank statements reflected that those payments had cleared. The trial court clearly found Respondents' testimony more credible that the evidence offered by Appellant. This court must defer to the trial court's ability to determine witness credibility and to choose between conflicting evidence. *Capital One Bank v. Hardin,* 178 S.W.3d 565, 572 (Mo.App. W.D.2005). The trial court's implicit finding that Respondents made the rent payments at issue is supported by the evidence and is not against the weight of the evidence.

▮ Appellant also contends that the trial court should not have entered judgment in favor of Respondents because the evidence established that the property was not left in a suitable condition and Appellant was required to incur substantial cost in cleaning up the items left on the property by Respondents.

Appellant's property manager testified that large amounts of personal belongings, food, trash, and other debris were present on the premises after Respondents vacated it. Several pictures of these items were admitted into evidence.

Respondents testified that the personal items, furniture, food, and trash found in the house were not theirs. They stated that the lease had required them to accept the property "as is" and that most of the personal items and furniture contained in the pictures were present in the house when they took up residence. The evidence further reflects that, while Respon-

dents vacated the premises on May 29, 2004, Appellant did not inspect the property until August 2004 and that the doors to the farmhouse had been left unlocked in the interim.

Again, this court must defer to the trial court's ability to determine witness credibility and to choose between conflicting evidence. *Id.* The trial court could reasonably have found that Respondents were not responsible for the personal items, furniture, food, trash, and debris found on the premises months after they had vacated the property.[2] Point denied.

The judgment is affirmed.

All concur.

▮

---

2. Alternatively, the trial court may have found that the damages incurred in cleaning up the property were less than the $1,350 testified to by Appellant's property manager and that Respondents' $1,000 security deposit was more

than adequate to cover those costs. Respondents' right to the return of all or part of that security deposit was not litigated or expressly determined by the trial court.