

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| TRESSA STOUGH, | ) | ED103560 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | 15JE-AC01970 |
| | ) | |
| KIRK A. BREGG, and | ) | Honorable Timothy S. Miller |
| RHONDA BREGG, | ) | |
| | ) | |
| Appellants. | ) | Filed: December 27, 2016 |

## Introduction

Kirk A. Bregg and Rhonda Bregg (collectively, Appellants) appeal the trial court's judgment in favor of Respondent Tressa Stough on her action for rent and possession. Appellants argue the trial court violated their due process rights through inadequate notice and the trial court erred in excluding evidence on the basis that Appellants failed to raise written affirmative defenses or counterclaims prior to trial. We affirm.

## Background

Appellants rented property from Respondent, consisting of a residential house as well as two garages from which Kirk Bregg ran a business. The parties had separate agreements for each part of the property: Appellants paid $1,250 per month for the house

and $1,100 per month for the garages. Both of these rental agreements were oral agreements for month-to-month leases.

On May 14, 2015, Respondent filed a claim in the Circuit Court requesting past-due rent as well as possession of both of the premises leased to Appellants. The trial court issued summonses to Appellants, which were served on May 29, 2015, and required Appellants to appear in the trial court on June 10, 2015. Appellants appeared on that date *pro se*, and the trial court set the case for a bench trial on June 24, 2015.

At trial on June 24, 2015, Appellants again appeared *pro se*. Appellants attempted to introduce evidence of Respondent's failure to ensure they could continue their commercial use of the property that prompted them to cease paying rent to Respondent, but the court excluded this evidence because Appellants had not filed any written affirmative defenses or counterclaims. Appellants then requested a continuance to a date when their lawyer could be present, which the trial court denied at that point. The trial court found in favor of Respondent and entered a judgment against Appellants for past-due rent in the amount of $3,750 jointly, for the additional amount of $3,300 against Appellant Kirk Bregg individually, and for possession of the property.

After trial, Appellants' counsel entered an appearance on Appellants' behalf and filed a motion for new trial and motion to set aside the judgment and allow Appellants to file counterclaims. The trial court denied this motion. This appeal follows.

## Discussion

Appellants raise two points on appeal. First, they argue that the statutory process followed by the trial court resulted in a violation of their due process rights. Second,

2

Appellants argue that the trial court erred in excluding evidence at trial regarding the reason Appellants ceased paying rent. We discuss each in turn.

## Point I

Appellants argue that the statutory process for a rent and possession case under Chapter 535, RSMo. (Supp. 2014), deprived Appellants of due process in that it failed to adequately notify them of their rights and did not provide enough time to prepare for trial. Specifically, Appellants argue that the form summons issued here failed to inform them of the steps required to preserve their claims and protect their rights, and that the four-day minimum time period between the summons and the court appearance in the statute is too short.

As a threshold matter, Respondent argues that Appellants failed to preserve this issue because the first time Appellants raised it was in their motion for new trial. "It is firmly established that a constitutional question must be presented at the earliest possible moment 'that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived.'" St. Louis County v. Prestige Travel, Inc., 344 S.W.3d 708, 712 (quoting Callier v. Dir. of Revenue, State of Mo., 780 S.W.2d 639, 641 (Mo. banc 1989)). In the vast majority of cases, the earliest possible moment is well before a motion for new trial.[1] See, e.g., State v. Flynn, 519 S.W.2d 10, 12 (Mo. 1975) ("constitutional issue cannot be preserved for appellate review by mentioning it for the first

---

[1] We note Appellants' argument that at least once this Court has said a constitutional claim could be raised for the first time in a motion for new trial, but there, this Court assumed the claim only arose *after* the trial court's judgment. See Willits v. Peabody Coal Co., 400 S.W.3d 442, 452 (Mo. App. E.D. 2013); see also Land Clearance for Redev. Auth. of Kan. City, Mo. v. Kan. Univ. Endowment Ass'n, 805 S.W.2d 173, 175 (Mo. banc 1991) (noting inherency doctrine, as alluded to in Lohmeyer v. St. Louis Cordage Co., 113 S.W. 1108 (Mo. 1908), has been overruled, and Lohmeyer held that "neglecting to assert the unconstitutionality of a statute prior to verdict and judgment amounted to waiver of the claim"). Appellants make no argument their claim did not arise until after judgment here.

3

time in a motion for new trial"). Here, Appellants' constitutional question relates to the summons issued and the date set for trial. Appellants had an earlier opportunity to raise this issue than in their motion for new trial. Thus, this point was not preserved.

In cases of unpreserved error, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). However, "[p]lain error is rarely present in civil cases." Mansfield v. Horner, 443 S.W.3d 627, 647 (Mo. App. W.D. 2014).

Here, Appellants make two arguments: (1) that the statutory procedure for rent and possession does not allow adequate time to prepare for trial; and (2) the summons failed to inform Appellants of their rights and obligations in responding to the summons, specifically, the need to file written affirmative defenses or counterclaims. Appellants argue both of these resulted in a violation of their Fifth Amendment right to due process.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). At the same time, due process "does not require notice that some particular step must be taken or that certain procedure be followed; the opportunity afforded is to make a choice of whether to 'appear or default, acquiesce or contest.'" State v. Goodbar, 297 S.W.2d 525, 528 (Mo. 1957) (quoting Mullane, 339 U.S. at 314). Thus, regarding Appellants' claim that the summons form should have informed them of the steps they must take if they had affirmative defenses, this is not a requirement of due process.

4

The other issue Appellants raise is whether the proceeding here complied with due process requirements in the notice given and amount of time between service of the summons and the initial court date. Rent and possession is a summary proceeding, intended for expeditious resolution of disputes within its scope. See Ellsworth Breihan Bldg. Co. v. Teha Inc., 48 S.W.3d 80, 83 (Mo. App. E.D. 2001). Especially where possession is at issue, Chapter 535 gives the landlord the ability to reclaim property in a prompt manner when the tenant has stopped paying rent. Section 535.030.1 requires service of the summons at least four days before the court date. Section 535.040.1 then requires the trial court, upon return of the summons, to "set the case on the first available court date[.]"

We find no case law determining that such a summary proceeding fails to meet due process standards. On the contrary, the facts relevant to a rent and possession action are already known to tenants, and appearing to answer regarding such facts should require little preparation. See Lindsey v. Normet, 405 U.S. 56, 64-65 (1972) (finding no due process violation in Oregon statute where statute required service at least two days before trial date; noting tenants had access to relevant facts and "can be expected to know the terms of their lease, whether they have paid their rent, whether they are in possession of the premises, and whether they have received a proper notice to quit, if one is necessary").

Here, Appellants had 12 days in between the service of the summonses and the date they were to appear, June 10, 2015, on the limited issues of the payment of rent and possession of property. While the statute required the trial court to set the matter on the first available court date, there is nothing in the statute that would have prohibited Appellants from requesting a continuance before the June 24, 2015 trial date. Additionally,

Appellants were not prohibited from initiating their own separate action for damages against Respondent for any relief due to the landlord's conduct. See id. at 65-66 (noting "tenant is not foreclosed from instituting his own action against the landlord and litigating his right to damages or other relief in that action"); see also Becker Glove Int'l, Inc. v. Jack Dubinsky & Sons, 41 S.W.3d 885, 888 (Mo. banc 2001) (noting compulsory counterclaim rule does not apply to rent and possession actions in associate circuit division). The fact that this summary proceeding is designed to move quickly on these limited issues of unpaid rent and possession, and therefore differs from the time to prepare for trial in other contexts, does not per se amount to a due process violation. The question is whether the procedure allowed Appellants sufficient notice to appear regarding these limited issues.

Given the foregoing, we see no due process violation constituting error, plain or otherwise. Point denied.

## Point II

Appellants argue that the trial court erred in excluding evidence at trial on the basis that Appellants failed to raise their affirmative defenses in writing before trial. We disagree.

We review a trial court's decision to admit or exclude evidence at trial for abuse of discretion. Self v. Brunson, 213 S.W.3d 149, 156 (Mo. App. E.D. 2006). Such an abuse of discretion occurs when the trial court's "ruling is clearly against the logic of the circumstances . . . and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." Hopfer v. Neenah Foundry Co., 477 S.W.3d 116, 128 (Mo. App. E.D. 2015) (quoting Lozano v. BNSF Ry. Co., 421 S.W.3d 448, 451 (Mo. banc 2014)).

6

Appellants attempted to present evidence at trial of Respondent's breach of the lease terms regarding the zoning of the property in order to demonstrate why Appellants ceased making rent payments. Respondent objected to this evidence at trial, and the trial court found this to be in the nature of an affirmative defense that must be pled. Section 517.031.2, regarding procedures before associate circuit courts, states, "Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court."

Appellants argue, however, that because payment of rent was directly at issue, this evidence was not an affirmative defense, but instead negated one of Respondent's required elements at trial. The elements Respondent had to prove were simple: that Appellants failed to pay rent and that Respondent made a demand for rent. Ellsworth Breihan Bldg. Co., 48 S.W.3d at 82 (citing Section 535.020). In order to do this, Respondent had to file a verified statement setting forth a description of the rental property, the terms of the rental agreement, the amount of rent due, that Respondent made a demand for rent, and that Appellants did not pay rent. Section 535.020. At trial, Appellants did not deny that they ceased making rental payments, but they argued that they were no longer required to make such payments due to Respondent's breach of the terms of the agreement.

The trial court correctly found that this evidence related to an affirmative defense, rather than a denial of any of Respondent's elements. "An affirmative defense is a procedural tool that allows the defendant to defeat or avoid the plaintiff's cause of action and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal

7

responsibility alleged." Dieser v. St. Anthony's Med. Ctr., 498 S.W.3d 419, 428 (Mo. banc 2016) (quoting Dorris v. State, 360 S.W.3d 260, 268 (Mo. banc 2012)) (internal quotations omitted). Appellants in essence admitted the allegations in Respondent's affidavit, but argued that additional facts justified their failure to pay rent.[2]

Though we do not find another case such as the one here, the closest analogous situation is when a tenant argues that his or her obligation to pay rent was negated by the landlord's breach of the implied warranty of habitability. Yet, even in such cases, this claim is an affirmative defense pled by the tenant. See, e.g., Moser v. Cline, 214 S.W.3d 390, 394 (Mo. App. W.D. 2007). We see no reason a claim that the landlord's breach of some other term of the lease, relieving the tenant of his or her obligation to pay rent, should not likewise be considered an affirmative defense.

Generally, affirmative defenses will be waived unless they are pled. Poger v. Mo. Dep't of Transp., No. ED103293, 2016 WL 3189662, at *3 (Mo. App. E.D. June 7, 2016) (citing Holdner v. Fieser, 971 S.W.2d 946, 950 (Mo. App. E.D. 1998)). Thus, Appellants were required to plead their affirmative defense to paying rent in order to present their proffered evidence at trial. While a court may permit a defendant to amend the pleadings to include an affirmative defense, Appellants made no request to do so here, Respondent did not consent to trying this issue, and the trial court would have erred in granting relief on such a defense under the circumstances. See Fannie Mae v. Univ. Village Apartments, 479 S.W.3d 706, 718 (Mo. App. E.D. 2015) (where defendants did not request offset as

---

[2] This distinguishes Appellants' case from the case cited in their brief, Smith v. Thomas, 210 S.W.3d 241 (Mo. App. W.D. 2006). There, the trial court had excluded evidence the defendants sought to introduce showing they had actually paid rent. Id. at 243. Though payment is listed as an affirmative defense in Rule 55.08, the court noted that the defendants actually sought to negate an element of the plaintiff's case, rather than to use it as an affirmative defense, and therefore the trial court should have allowed the evidence at trial. Id. at 243-44.

8

affirmative defense and issue was not tried by express or implied consent, trial court erred in offsetting plaintiff's damages).

We are sympathetic to Appellants' argument that they appeared *pro se* and had no knowledge of the requirement to present affirmative defenses in writing. However, courts also consistently hold that *pro se* litigants are "bound by the standards and rules of procedure as a party represented by a licensed attorney. While we are not unmindful of the challenges that face *pro se* litigants, judicial impartiality, judicial economy, and fairness to all parties prohibit this Court from relaxing these requirements." Dressel v. Dressel, 221 S.W.3d 475, 476 (Mo. App. E.D. 2007). Here, the trial court noted in its judgment that it encouraged Appellants at their first court date to get an attorney. At some point during the trial, Appellants requested a continuance so that their attorney could be present, but at that point the trial court denied it. We are unable to determine whether the trial court would have granted a continuance had Appellants requested one before the trial date, but it certainly would have been within the trial court's discretion.

We cannot say, however, that the trial court abused its discretion in denying Appellants' request to introduce evidence of their affirmative defense in light of Respondent's objection and Appellants' failure to plead that defense. We note that Appellants are still able to bring their own action against Respondent to seek relief separately on any counterclaim they may have. See Becker Glove Int'l, Inc., 41 S.W.3d at 888 (noting compulsory counterclaim rule does not apply to rent and possession actions in associate circuit division). In fact, this Court has noted that a separate trial for tenants' counterclaims may be preferable to trying them with the issue of possession, given that the issue of possession "can be disposed of quickly and summarily while the other[s] will

9

require a considerable trial." B-W Acceptance Corp. v. Benack, 423 S.W.2d 215, 217 (Mo. App. 1967). Given the arguments in the record regarding whether Respondent breached a term of the lease in light of zoning regulations and Appellants' business, this issue is more complicated than the issue of unpaid rent and possession addressed by Chapter 535's summary proceeding. Point denied.

## Conclusion

We find no plain error in Appellants' claim that their due process rights were violated by the statutory procedure for rent and possession in Chapter 535. Additionally, the trial court did not abuse its discretion in excluding Appellants' evidence of Respondent's failure to maintain the property as commercial property because Appellants failed to plead this issue as an affirmative defense. We affirm.

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs.

10