MORRIS BRANSON THEATRE,
LLC, Plaintiff-Respondent,

v.

CINDY LEE, LLC, et al., Defendants-
Appellants.

No. SD 34572

Missouri Court of Appeals,
Southern District,
**Division One.**

Filed: June 15, 2017

Attorney for Appellants: Russell Schene-werk of Branson, MO.

Attorneys for Respondent: Brett W. Roubal and Patrick R. Baird of Spring-field, MO.

JEFFREY W. BATES, P.J.

In this landlord-tenant dispute, the trial court found in favor of Morris Branson Theatre, LLC (Landlord) on its action seeking damages for breach of a lease agreement (Lease) by Cindy Lee, LLC (Tenant). The trial court found against Tenant on its affirmative defense that Tenant was justified in terminating the Lease because Landlord failed to substantially complete certain repairs within a six-month period.

Tenant presents two points on appeal. In Point 1, Tenant contends the trial court's finding on Tenant's affirmative defense is not supported by substantial evidence. In Point 2, Tenant contends the trial court's finding on Tenant's affirmative defense is against the weight of the evidence. Because Tenant bore the burden of proving its affirmative defense and failed to do so, neither point has merit. Accordingly, we affirm the judgment.

### Factual and Procedural Background

In September 2011, the parties executed the Lease. Tenant agreed to pay Landlord monthly rent to occupy restaurant and club space in a building adjacent to the Dick Clark Theater in Branson, Missouri. The term of the lease ran from September 30, 2011 through December 31, 2014. Rent was due on the first of each month, commencing on April 1, 2012. In relevant part, Paragraph 17 of the Lease (hereinafter referred to as Paragraph 17) stated:

**FIRE OR OTHER CASUALTY.** In the event the Premises is totally destroyed or partially damaged by fire or other casualty making it inoperable for a period of longer than ninety (90) days, either party may, at is option, terminate this Agreement. . . . In the event the parties

do not so terminate this Lease, then, subject to the following provisions of this Paragraph 17, Landlord may proceed as soon as is reasonably practicable, at its sole cost and expense to the extent of insurance proceeds available, if any, to repair and restore the Premises to substantially the same condition as that before the damage occurred. . . . In the event Landlord does not complete such repair and restoration within six (6) months from the date of damage or destruction, Tenant may terminate this Agreement. . . .

A café and club (the Café) opened by Tenant was damaged by a tornado on February 29, 2012.

Following repairs, the Café re-opened on April 20, 2012. Except for "a few" days, the Café operated continuously from that date through August 25, 2012. On that day, there was a leak in the Café's kitchen area. A roofing company hired by Landlord immediately began work on the leak. Tenant paid the August rent when due. On August 29, 2012, which was six months from the date of the tornado damage, Tenant submitted a letter to Landlord "electing to terminate" under "[P]aragraph 17." Tenant tendered prorated rent through September 10, 2012, vacated the premises as of that date and paid no further rent to Landlord.

In mid-September 2012, Landlord filed suit against Tenant. Landlord's petition sought damages based upon Tenant's alleged breach of the Lease "by failing to pay rent when due." Tenant's answer denied the allegation and pled as an affirmative defense that Tenant "properly terminated" the Lease pursuant to Paragraph 17.[1]

---

1. Tenant's denial of the averment that he failed to pay rent when due was based upon his legal position, as alleged in his affirmative defense, that no additional rent was owed because he properly terminated the lease pursuant to Paragraph 17.

Thereafter, two bench trials in this matter were held. After the first bench trial, the trial court found in favor of Tenant. Landlord appealed. This Court reversed and remanded for the trial court to make a factual determination as to "[w]hether Landlord failed to repair and restore the Premises per the requirements of Paragraph 17[.]" *Morris Branson Theatre, LLC v. Cindy Lee, LLC*, 472 S.W.3d 635, 642 (Mo. App. 2015). After the second bench trial, the trial court found in favor of Landlord. The trial court ruled against Tenant on its affirmative defense, finding that "the repairs to the roof were substantially complete on or before August 29, 2012." This appeal followed.

## Standard of Review

■ In this court-tried case, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[2] *In Re Bell*, 481 S.W.3d 855, 858-59 (Mo. App. 2016). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* "The application of this standard of review varies depending on the burden of proof applicable at trial and the error claimed on appeal to challenge the judgment." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). In *White v. Dir. of Revenue*, 321 S.W.3d 298 (Mo. banc 2010), our Supreme Court explained:

When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*Id.* at 305 (internal citations and quotation marks omitted); *see Pearson*, 367 S.W.3d at 43; *see, e.g.*, *Walker v. Walker*, 485 S.W.3d 403, 408-09 (Mo. App. 2016) (denying claims that judgment lacked substantial evidence and was against the weight of the evidence because the trial court could properly rule against plaintiff, who failed to carry burden of proof that the deed at issue was valid; defendants were not required to prove that the deed was invalid).

## Discussion and Decision

■ In Points 1 and 2, Tenant contends the trial court erred by finding that "the repairs to the roof were substantially completed by August 29, 2012...." Tenant argues that this finding was not supported by substantial evidence (Point 1) and was against the weight of the evidence (Point 2). Whether these avenues of attack are available to Tenant, however, depends on which party bore the burden of proof on the repair issue at trial.[3]

■ "The burden of proof applicable at trial depends on the type of claim presented in the pleadings." *Pearson*, 367 S.W.3d at 43. Landlord's petition alleged a breach of contract, which includes the following essential elements: "(1) the exis-

---

**2.** All rule references are to Missouri Court Rules (2016).

**3.** "The ... burden of proof has two components—the burden of production and the burden of persuasion. The burden of production is a party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as summary judgment or a directed verdict. The burden of persuasion is defined as a party's duty to convince the fact-finder to view the facts in a way that favors that party. *White*, 321 S.W.3d at 304-05 (internal quotation marks and citations omitted).

tence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010). Landlord alleged that Tenant breached the Lease "by failing to pay rent when due." In response, Tenant denied the allegation and pled as an affirmative defense that Tenant "properly terminated" the Lease under Paragraph 17.[4] An "affirmative defense" is a procedural tool "that allows the defendant to defeat or avoid the plaintiff's cause of action and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are *additional facts that permit the defendant to avoid the legal responsibility alleged.*" *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012) (emphasis added; internal quotation omitted); *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 428 (Mo. banc 2016). Generally, the burden of proof of an affirmative defense rests upon the one asserting the defense. *Allen v. Titan Propane, LLC*, 484 S.W.3d 902, 906 (Mo. App. 2016); *see, e.g., Jenkins v. Simmons*, 472 S.W.2d 417, 420 (Mo. 1971) (release from indebtedness "is an affirmative defense and it is a well settled general rule that the burden of proof to establish affirmative defenses is on the defendant from the beginning and remains upon him throughout the case").

■ Although Tenant pleaded termination pursuant to Paragraph 17 as an affirmative defense, it contends Landlord actually "bore the burden of proving that the premises had been substantially restored to substantially the same condition." According to Tenant, the trial court was

required to make this factual determination as a prerequisite to ruling in Landlord's favor on its breach-of-contract claim because, "absent an improper termination" under Paragraph 17, "the lease was not breached." We disagree.

We conclude that Tenant bore the burden of proving Landlord failed to substantially complete repairs within the six-month time period. The breach alleged in Landlord's petition was that Tenant failed to pay rent when due. The breach alleged in Tenant's affirmative defense was that Landlord failed to substantially complete repairs within the allotted time. This allegation in Tenant's answer presents "additional facts" that permit Tenant "to avoid the legal responsibility" of paying rent when due—which is precisely what an affirmative defense is. *See Dieser*, 498 S.W.3d at 428; *Dorris*, 360 S.W.3d at 268. Therefore, Tenant bore the burden of proof on this affirmative defense. *See Jenkins*, 472 S.W.2d at 420; *Allen*, 484 S.W.3d at 906.

■ The conclusion we reach here is supported by *Stough v. Bregg*, 506 S.W.3d 400 (Mo. App. 2016). In *Stough*, the eastern district of this Court addressed a similar argument by tenants that they were no longer required to make rent payments based on their allegation that plaintiffs breached the lease terms regarding the zoning of the property. *Id.* at 405. Tenants argued that, because payment of rent was directly at issue, their allegation was not an affirmative defense. Instead, it negated one of the required elements of the landlord's claim. *Id.* The eastern district found no merit in that argument:

Though we do not find another case such as the one here, the closest analo-

4. There is no dispute that Tenant failed to pay any more rent after vacating the premises on

September 10, 2012.

gous situation is when a tenant argues that his or her obligation to pay rent was negated by the landlord's breach of the implied warranty of habitability. Yet, even in such cases, this claim is an affirmative defense pled by the tenant. *See, e.g., Moser v. Cline*, 214 S.W.3d 390, 394 (Mo. App. W.D. 2007). We see no reason a claim that the landlord's breach of some other term of the lease, relieving the tenant of his or her obligation to pay rent, should not likewise be considered an affirmative defense.

*Id.* at 406. We agree with this reasoning.[5] Therefore, Tenant bore the burden of production and persuasion on its affirmative defense. "If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *White*, 321 S.W.3d at 305. Because the trial court was not persuaded by the evidence relating to Tenant's affirmative defense, the court could properly find in Landlord's favor. *Id.*

 Tenant's lack-of-substantial-evidence argument in Point 1 is denied because Landlord was not required to present substantial evidence rebutting Tenant's affirmative defense in order to prevail on Landlord's breach of contract claim based upon nonpayment of rent. *Walker*, 485 S.W.3d at 409. Tenant's against-the-weight argument in Point 2 is denied because: (1) the issue of substantial completeness of repairs was contested; and (2) the trial court resolved those evidentiary conflicts in Landlord's favor. *See Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014) (evidence not based on a credibility determination, contrary to the circuit court's judgment, can be considered in an appellate court's

review of an against-the-weight-of-the-evidence challenge); *Walker*, 485 S.W.3d at 409 (when reviewing an against-the-weight argument, all conflicts in the testimony must be resolved in accordance with the trial court's implicit or explicit credibility determinations). Finding no merit in either of Tenant's points, the trial court's judgment is affirmed.

DON E. BURRELL, J.—CONCUR

MARY W. SHEFFIELD, C.J.—CONCUR

---

5. Tenant's reliance on *R.K. Matthews Inv., Inc. v. Beulah Mae Housing, LLC*, 379 S.W.3d 890 (Mo. App. 2012), is misplaced because that case involved a construction contract. An action to recover for breach of a construction contract does require "proof that payment was not made for work performed in a good and workmanlike manner." *Id.* at 897. Because that rule has no application to a commercial lease, *R.K. Matthews* does not support Tenant's argument.