

# Missouri Court of Appeals
## Southern District
### Division Two

JOHN ALLEN and　　　　　　　　　　　)
MICHELLE ALLEN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs-Appellants,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)　　No. SD33716
　　　　　　　　　　　　　　　　　　　　)
TITAN PROPANE, LLC, d/b/a Empire Gas of　)　　Filed March 30, 2016
Fair Grove,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant-Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
CORNERSTONE PROPANE OPERATING,　　　)
LLC, d/b/a Empire Gas of Fair Grove, and　　)
WILMA COOK,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　)

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable Michael Hendrickson, Circuit Judge

REVERSED AND REMANDED

John and Michelle Allen (referred to individually as John and Michelle and collectively as "the Allens") appeal from a judgment dismissing with prejudice their lawsuit against Titan Propane, LLC ("Titan"). The Allens claim: (1) the trial court erred in dismissing their "petition with prejudice on the ground that it alleged only ordinary negligence, not 'gross negligence' and therefore the allegations were outside the exemption from immunity of § 323.060(5), because it

1

stated a claim against Titan for at least gross negligence[,]"[1] and (2) the trial court erred in dismissing Michelle's derivative claim for consortium because the foundational claim was not properly dismissed.[2]  Because we conclude that the Allens' petition stated a cause of action for negligence and they were not required to plead anything further in their petition, the circuit court's judgment dismissing the petition with prejudice is reversed, and the case is remanded.

## Standard of Review

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.  It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom.  No attempt is made to weigh any facts alleged as to whether they are credible or persuasive.  Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted).  We review such a dismissal *de novo*.  *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 768 (Mo. banc 2007).

## Factual and Procedural Background

Following this court's decision in *Allen v. Titan Propane, LLC*, 404 S.W.3d 914 (Mo. App. 2013), the circuit court granted the Allens leave to file a second amended petition ("petition").  Count 1 of the petition, John's claim against Titan, alleged that Titan's predecessor installed a propane tank, gas line, and heater at Wilma Cook's home in 1984 without an inside shut-off valve; Titan and its predecessors delivered propane gas to Cook; over time, the outside shut-off valve corroded and no longer functioned; Titan had a duty to maintain Cook's propane system in accord with Missouri law and the National Fire Protection Association's Code; Titan

---

[1] References to section 323.060 are to RSMo Cum.Supp. 2007.

[2] As conceded by Titan, our reversal of the dismissal of John's claim necessarily requires reversal of the dismissal of Michelle's derivative claim.  Therefore, Michelle's derivative claim will not be separately addressed any further in this opinion.

2

failed to maintain the propane system when, among other shortcomings, it failed to do periodic inspections; such an inspection would have revealed that the propane system was not in accord with industry standards; and, as a direct result, John was injured when he attempted to replace Cook's furnace in March of 2008.[3]

Titan moved to dismiss the petition for failing "to state a claim for gross negligence." *See* Rule 55.27(a)(6).[4] While conceding that the allegations in the petition "were that of ordinary negligence," Titan asserted that John's claim did "not qualify for the exemption provided by § 323.060(5) RSMo., and suit against Titan is therefore barred by section 323.060(4) RSMo." In support of its motion, Titan argued it was "not liable for actual or punitive damages for injury to a person or property that results from any occurrence caused by the installation, modification, repair or servicing of equipment or appliances for use with liquefied petroleum gas by another person, unless prior statutory notice is given and unless the damages arise directly from the gross negligence or willful or wanton acts of such person[,]" citing to section 323.060.4. Titan argued that the Allens "failed to plead and establish facts supporting their claim of gross negligence."

The trial court agreed with Titan, finding that the petition failed "to assert allegations beyond those of ordinary negligence" and that "[the Allens'] claim is barred by Section 323.060(4)[.]" Accordingly, the trial court entered judgment dismissing the petition with prejudice. The Allens timely appeal.

## Discussion

In moving to dismiss the petition, Titan framed the issue for the trial court as requiring a determination of the definition of "gross negligence" as used in section 323.060.5. The Allens responded to that issue, as framed by Titan, by contending that their petition alleged "gross

---

[3] Count 2 set out John's claim against Cook. Count 3 set out Wife's derivative claim for consortium against Titan and Cook. The Allens do not appeal the dismissal of Count 2 or, as to Cook, the dismissal of Count 3.
[4] All rule references are to Missouri Court Rules (2015).

3

negligence" as used in that section. The trial court found that it did not, and its dismissal of the petition on that basis is now before us with the parties' arguments focused on the definition of "gross negligence."

As a prerequisite to addressing that issue, however, we must first address whether the procedural posture of the case supported the trial court's consideration and resolution of that legal issue as initially framed by Titan. We determine that it did not. *See **Warren v. Paragon Techs. Group, Inc.***, 950 S.W.2d 844, 845 (Mo. banc 1997) (court can reach legal question only after the parties comply with the applicable pleading and evidence requirements).

Our analysis begins with section 323.060, which in relevant part provides:

> 4. No person registered pursuant to this section and engaged in this state in the business of selling at retail of liquefied petroleum gas or in the business of handling or transportation of liquefied petroleum gas over the highways of this state shall be liable for actual or punitive civil damages for injury to persons or property that result from any occurrence caused by the installation, modification, repair, or servicing of equipment and appliances for use with liquefied petroleum gas by any other person unless such registered person had received written notification or had other actual knowledge of such installation, modification, repair, or servicing of equipment and appliances and failed to inspect such installation, modification, repair, or servicing of equipment and appliances within thirty days after receipt of such notice or actual knowledge.

> 5. Nothing in this section is intended to limit the liability of any person for any damages that arise directly from the gross negligence or willful or wanton acts of such person.

An "affirmative defense" is defined as "'[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, ***even if all the allegations in the complaint are true.***'" ***Varsalona v. Ortiz***, 445 S.W.3d 137, 140 (Mo.App. 2014). Accordingly, the immunity provided by section 323.060.4 is an affirmative defense that, if true, will defeat a negligence claim that falls within its scope. *See, e.g.*, ***Wilmes v. Consumers Oil Co. of Maryville***, 473 S.W.3d 705, 714 (Mo.App. 2015). Here, Titan has the burden of proving this affirmative defense. ***Id.*** at 717.

4

"An avoidance is an affirmative defense to an affirmative defense." ***Billings Mut. Ins. Co. v. Cameron Mut. Ins. Co.***, 229 S.W.3d 138, 143 (Mo.App. 2007) (citing ***Warren***, 950 S.W.2d at 845). As a corollary to this definition, any requirement to plead an affirmative avoidance cannot not arise unless and until the affirmative defense sought to be avoided has been properly pleaded. Accordingly, invocation of the section 323.060.5 exemption from immunity is an affirmative avoidance of the section 323.060.4 immunity affirmative defense, and any requirement to properly plead this affirmative avoidance does not arise unless and until the section 323.060.4 immunity affirmative defense has been properly pleaded.

Affirmative defenses and avoidances must be set forth "[i]n a pleading to a preceding pleading." Rule 55.08; *see* rule 55.01 (requiring a petition, an answer, and the pleading of an affirmative avoidance); *see also* Rule 55.27 (every defense must be asserted in the responsive pleading except certain listed defenses may optionally be made by motion). In addition to setting forth the affirmative defense or avoidance, that subsequent pleading "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Rule 55.08. The record here reflects that Titan has not filed an answer with a statement of facts showing that it is entitled to claim the section 323.060.4 immunity affirmative defense.

A very narrow and limited exception to the pleading requirement exists, however, "whereby a defendant may properly file a motion to dismiss for failure to state a claim under Rule 55.27(a)(6) when it appears from the face of the petition that an affirmative defense is applicable." ***Evans v. Empire Dist. Elec. Co.***, 346 S.W.3d 313, 317 (Mo.App. 2011). Our inquiry, therefore, turns to whether Titan's motion to dismiss falls within this exception. We determine that it does not.

5

Titan does not dispute or contest that the Allens' petition states a negligence claim against Titan. Rather, Titan asserted in its motion to dismiss the petition that such a negligence claim is "barred by section 323.060(4) RSMo." and that the allegations in the petition did not rise to the level of gross negligence so as to "qualify for the exemption provided by § 323.060(5) RSMo." Titan made no attempt in its motion or oral argument before the trial court to demonstrate how Titan's right to claim the section 323.060(4) immunity affirmative defense appears from the face of the petition. Nevertheless, and also without reference to any allegations in the petition supporting this affirmative defense, the trial court agreed with Titan and dismissed the Allens' petition with prejudice.

Totally ignoring its burden to plead and prove an affirmative defense, Titan argues on appeal that in order to state a claim under section 323.060.5, the Allens were required to plead the absence of "the predicate facts that establish Titan's immunity pursuant to section 323.060.4." Then, without citation to the record or any supporting argument, Titan asserts that "[g]iven the posture of this case, Titan's statutory immunity pursuant to RSMo. § 323.060(4) is established." But Titan has failed to identify any factual allegations in the dismissed petition that support the application of the section 323.060.4 immunity affirmative defense. "For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. This is but the corollary of the accepted rule that the burden of proof of an affirmative defense rests upon the one asserting the defense." *McLeod v. Marion Labs., Inc.*, 600 S.W.2d 656, 657 (Mo.App. 1980) (internal citations omitted).

The factual allegations in the Allens' petition do not mention, much less address, any of the applicable statutory requirements for Titan to avail itself of the section 323.060.4 immunity

6

defense. For instance, the immunity applies only to persons "*registered* pursuant to this section." Section 323.060.4 (emphasis added). Yet, there are no factual allegations in the petition related to the registered status of Titan or any of its predecessors during the relevant time periods when the alleged negligent acts were alleged to have occurred. Nor was the petition required to contain such allegations. It is Titan's burden to plead and prove such facts in order to avail itself of the immunity provided by section 323.060.4. *See Wilmes*, 473 S.W.3d at 717. The absence of a pleaded factual basis in the petition for this element of Titan's section 323.060(4) immunity affirmative defense precluded the trial court from finding that the affirmative defense is "irrefutably established by the plaintiff's pleading." *McLeod*, 600 S.W.2d at 657. We need not, therefore, identify any other elements of this affirmative defense or address whether a factual basis supporting those elements exists in the allegations in the Allen's petition.

Because ordinary negligence is all the Allens were required to allege in their petition to state a claim against Titan, the trial court erroneously dismissed the petition for failing to state a cause of action for gross negligence under section 323.060.5. Point One is meritorious and therefore Point Two, directed toward Michelle's derivative claim, is meritorious as well. Both points are granted.

## Decision

The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.


GARY W. LYNCH, J., Opinion Author

DON E. BURRELL, P.J., concurs

WILLIAM W. FRANCIS, JR., J., concurs